PAUL GERLI & COMPANY, APPELLANT, v. MISTLETOE SILK MILLS, RESPONDENT.

Submitted November 30, 1914—Decided March 1, 1915.

Where the plaintiff's case disclosed that an individual doing business under a partnership name, had in his employment a bookkeeper who was also in charge of the principal office, and who made the sale for which recovery is sought by an action at law, and the defence was a rescission of the contract of sale by defendant after an unreasonable delay, which delay it is sought to excuse, because the bookkeeper had waived it, it was error to hold that a bill of sale of the property and rights of the business theretofore conducted under the partnership name, which the bookkeeper signed with the owner and two other persons, in which they were not designated as partners, was conclusive evidence that the bookkeeper was a partner authorized to waive the rights of the person theretofore conducting the business, and did not justify the overruling of all testimony tending to show the character of his employment and the want of any authority to make the alleged waiver.

---

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright* and *Henry W. Twombly*.

For the appellee, *J. Emil Walscheid*.

The opinion of the court was delivered by

BERGEN, J.   The only exception taken to the proceedings at the trial, which it is necessary to consider in disposing of this appeal, relates to the exclusion of testimony offered by the plaintiff tending to show that an alleged waiver of an unreasonable delay by defendant in rescinding a contract was made by an agent of plaintiff who had no authority to act for the plaintiff in such matter.   There is, in this record, testimony from which it may be inferred that one Paul Gerli was engaged in buying and selling raw silk under the name of Paul Gerli & Co.; that he had in his employment one Paulino Gerli, a young man then eighteen years of age, as bookkeeper who was in charge of the general office of his employer; that Gerli sold for the plaintiff to the defendant, a bale of raw silk which was delivered and accepted by the defendant and dealt with by it as owner, and after the expiration of forty-eight days, defendant notified plaintiff that it rescinded the sale and refused to pay, whereupon the plaintiff brought this suit in which a judgment was entered for the defendant on a verdict in its favor, from which the plaintiff appeals.   The trial court held, that the rescission was made after an unreasonable time had elapsed, and that plaintiff would be entitled to recover so far as this defence goes, unless plaintiff had by its conduct, waived the delay. No exception was taken to this ruling, and the case was submitted to the jury upon the question of waiver.

It further appears, that after this sale was made, a corporation was formed under the name of Paul Gerli & Co., and a bill of sale executed transferring to the new corporation the assets and rights of the business theretofore conducted under the name of Paul Gerli & Co. which the young man, Paulino Gerli signed together with Paul Gerli and two other persons.   The bill of sale does not describe any of the persons

as being partners of the original firm, but the two persons mentioned and Paul Gerli are the only subscribers to the certificate of the new corporation. On this state of facts, the trial court held, that the signing of the bill of sale by Paulino Gerli, then a minor, was conclusive evidence that he was a partner in the original business, and as such authorized to make a waiver which the plaintiff was not entitled to rebut, and thereupon overruled all evidence offered by the plaintiff in explanation of the signing the bill of sale by Paulino Gerli or tending to show his want of authority to make the alleged waiver. We are of opinion that this was an error requiring a reversal of this judgment. The bill of sale may be some evidence on the question of partnership, but it is not conclusive, and when the plaintiff offered to show the character of the employment of Paulino Gerli as an explanation of his signature to the bill of sale, namely, that his compensation was a proportion of the profits and that therefore he had some interest in what was being transferred to the new corporation, and further that he was not a partner or in any way authorized to make the waiver upon which the defence is rested, the refusal of such offer was a legal error which injuriously affected the substantial rights of the plaintiff. This court said in *Wild* v. *Davenport,* 48 N. J. L. 129, "Nor is it every contract for a share of the profits of a business that will create a partnership either *inter sese* or as to creditors. Thus a contract for the employment of agents or servants for a proportion of the profits of the business as salaries or wages, for services, does not make such persons partners." The same case holds, that to constitute a person a partner, "there must be some contract to which he is a party with respect to a communion of profits which gives him the control as principal over the conduct of the business, or creates, as between him and the ostensible partner, the relation of principal and agent." In the case under consideration, there was no proof of any such contract, but on the contrary, the trial court refused proof of the real contract, upon the ground that by joining in the execution of the bill of sale above referred to, the partnership was con-

clusively established, and that the plaintiff was estopped from proving the contract, thereby depriving the jury of the benefit of material and competent testimony upon the very question submitted to them.

The judgment will be reversed, but without costs of this appeal, and a new trial awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.   16.